■ Patricia A. Ennis et al., Respondents, v Northeast Mines, Inc., et al., Respondents. (Action No. 1.) Patricia A. Ennis et al., Respondents, v Town of Smithtown, Appellant. (Action No. 2.) [606 NYS2d 315] —In related actions to recover damages for wrongful death, the defendant Town of Smithtown appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated September 18, 1991, as, upon reargument, adhered to an original determination, made in an order dated May 16, 1991, denying its motion for summary judgment dismissing the complaint in Action No. 2 insofar as it is asserted against it and any cross claims against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the plaintiffs-respondents, so much of the order dated May 16, 1991, as denied the appellant's motion for summary judgment is vacated, the motion is granted, and the complaint in Action No. 2 is dismissed insofar as it is asserted against the appellant and all cross claims against it are dismissed.

The decedent, a mechanic at a sand and gravel mining business, died when a sand and gravel pit collapsed. The plaintiffs alleged that the Town negligently issued and re-

newed a permit to operate the sand and gravel mine even though the Town knew that its operation was dangerous and violated numerous Town ordinances.

It is well-settled that a municipality cannot be held liable for injuries resulting from a failure to exercise its police powers absent a special relationship existing between the municipality and the injured party (see, Sorichetti v City of New York, 65 NY2d 461; Worth Distribs. v Latham, 59 NY2d 231). The elements of this special relationship are: (1) an assumption by the municipality through promises of an affirmative duty to act on behalf of the party who was injured, (2) knowledge on the part of the municipality's agents that inaction could lead to harm, (3) some form of direct contact between the municipality's agents and the injured party, and (4) the justifiable reliance on the municipality's affirmative undertaking (see, Cuffy v City of New York, 69 NY2d 255, 260).

We find that the plaintiffs failed to establish that the Town affirmatively undertook to protect the plaintiff's decedent and that the plaintiff's decedent detrimentally relied on the Town's assurances of protection (see, O'Connor v City of New York, 58 NY2d 184; see also, Kircher v City of Jamestown, 74 NY2d 251).

Furthermore, contrary to the plaintiffs' contention, we find that the Town did not enter into a stipulation limiting its time to make a motion for summary judgment. Bracken, J. P., Balletta, Miller and Pizzuto, JJ., concur.