■ DONALD W. SANDSTROM et al., Appellants, v GIL RODRIGUEZ et al., Defendants, and CENTEREACH FIRE DEPARTMENT et al., Respondents. [633 NYS2d 403] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated May 23, 1994, which granted the separate motions of the defendants Centereach Fire District and Selden Fire District for summary judgment dismissing the plaintiffs' complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff Donald Sandstrom was involved in a motor vehicle accident at the intersection of Route 25 and College Road in Selden, New York. Following the accident, the Selden Fire

District (s/h/a Selden Fire Department, hereinafter Selden) and, allegedly, the Centereach Fire District (s/h/a Centereach Fire Department, hereinafter Centereach) were called to the scene. It is undisputed that the injured plaintiff was unconscious from the moment of the accident.

The plaintiffs alleged, among other things, negligence on the part of Selden and Centereach for their failure to timely offer aid at the accident scene. The plaintiffs contended that, due to an argument between Selden and Centereach regarding which district had proper jurisdiction, the injured plaintiff was not promptly treated and, thus, his injuries were exacerbated. The Supreme Court granted the separate motions of Centereach and Selden for summary judgment holding that they were immune from liability. We affirm.

As a general rule, a public entity is immune from negligence claims arising out of the performance of its governmental functions, including police and fire protection, unless the injured person establishes a special relationship with the public entity which would create a special duty of protection with respect to that individual (see, Kircher v City of Jamestown, 74 NY2d 251, 255-256; Bonner v City of New York, 73 NY2d 930, 932; Cuffy v City of New York, 69 NY2d 255, 260; Figueroa v New York City Tr. Auth., 213 AD2d 586). In the present case, the alleged negligence of Centereach and Selden occurred, if at all, in responding to the accident scene. This was undoubtedly in furtherance of their municipal function. Therefore, the plaintiffs were required to prove the existence of a special relationship. The evidence, however, fails to establish all of the elements of such a relationship. In particular, the requirement of justifiable reliance has not been satisfied (see, Cuffy v City of New York, supra, at 260). The injured plaintiff, due to his unfortunate situation, was in an unconscious state prior to, and at all times during, the treatment administered by the emergency service personnel dispatched to the scene. As such, he was totally unaware of their presence and could not rely on any of their assurances (see, Kircher v City of Jamestown, supra, at 257).

Absent evidence of reasonable detrimental reliance by the injured plaintiff, there is no basis for finding the existence of a special relationship (see, Kircher v City of Jamestown, supra, at 258). Accordingly, the general rule of governmental immunity precludes the imposition of liability against Centereach and Selden.

The plaintiffs' remaining contentions are either without merit or need not be addressed in light of our determination. Bracken, J. P., Miller, Altman and Florio, JJ., concur.