■ ANNE M. APOSTOLAKIS, Appellant, v CENTEREACH FIRE DISTRICT et al., Respondents, et al., Defendants. [752 NYS2d 691] —In an action to recover damages for personal injuries and wrongful death, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), entered December 5, 2000, as granted those branches of the respective motions of the defendants Centereach Fire District and County of Suffolk which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

As a general rule, a public entity is immune from negligence claims arising from the performance of its governmental functions, unless the plaintiff can establish that a special relationship existed between the injured party and the public entity which would create a special duty of protection to the injured party (*see Sandstrom v Rodriguez,* 221 AD2d 513, 514). Contrary to the plaintiff's contention, her allegations against the Centereach Fire District (hereinafter the Fire District) and the County of Suffolk (hereinafter the County) are based on the failure of those entities to perform some act, and therefore, are in the nature of nonfeasance, to which the special relationship rule applies (*see e.g. Haggerty v Diamond,* 251 AD2d 455).

In the instant case, the plaintiff cannot establish that the

decedent justifiably relied on the affirmative undertakings of either the Fire District or the County to render him medical assistance, and thus, cannot establish the existence of a special relationship between the decedent and those entities. The testimony of all of the witnesses at the scene indicates that the decedent remained unconscious for the entire time that the Fire District was at the scene. Accordingly, the decedent was entirely unaware of the Fire District's presence and, therefore, could not reasonably rely on its supposed assurances. Therefore, summary judgment dismissing the complaint insofar as asserted against the Fire District was properly granted (*see Sandstrom v Rodriguez, supra*).

Similarly, there is no indication in the record that the decedent was lulled into a false sense of security, or was otherwise induced to forego other avenues of assistance in response to the statement of reassurance made by one of the County police officers to the decedent at the scene. Indeed, the evidence establishes that the decedent was wholly unable to respond to this one statement due to his in extremis condition (*see Sandstrom v Rodriguez, supra*). Thus, the plaintiff cannot establish that there was reasonable justifiable reliance by the decedent on this statement such as to cause him to forgo other available avenues of rescue (*see Merced v City of New York,* 75 NY2d 798, 800; *Cuffy v City of New York,* 69 NY2d 255, 261; *cf. De Long v County of Erie,* 60 NY2d 296, 305). Therefore, the plaintiff cannot establish the existence of a special relationship between the County and the decedent (*see e.g. Merced v City of New York, supra*). Accordingly, summary judgment dismissing the complaint insofar as asserted against the County was properly granted.

The plaintiff's remaining contentions are without merit. Ritter, J.P., Goldstein, Crane and Mastro, JJ., concur.