■ OLIVE CLARKE et al., Respondents, v CITY OF NEW YORK et al., Appellants. [796 NYS2d 689]—

In an action to recover damages for wrongful death, etc., the defendants appeal from an order of the Supreme Court, Queens County (Flug, J.), entered June 30, 2003, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On December 17, 1995, at 2:05 P.M., the New York City Fire Department (hereinafter the Fire Department) responded to a fire in progress at the plaintiff's house and engaged in standard firefighting procedures. The Fire Department was informed that the mother and daughter who lived at the residence had left earlier in the day. An initial search of the premises was

conducted and no one was found therein. After a significant period of time, the aunt of the decedent appeared and informed the firefighters that she was there to pick up the decedent who was not likely to have left the premises. The decedent suffered from cerebral palsy but was capable of walking and talking. The firefighters conducted a second search of a portion of the premises and again failed to locate anyone. After the fire was extinguished and the building had cooled, a third search was conducted and this time the firefighters did find the decedent's body in a second-floor bedroom between a bed covered by debris and a wall near a broken window. The decedent allegedly died of smoke inhalation. The indicia of soot in the room in question was less severe than in other areas. This action ensued.

The plaintiff, the decedent's mother, alleged that the defendants' search of the premises was negligently conducted. Thereafter, the defendants moved for summary judgment contending that no special duty was owed to the decedent. In response to the defendants' prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to the existence of a special relationship.

A municipality may not be held liable for injuries resulting from its failure to provide adequate police or fire protection absent a special relationship existing between the municipality and the injured party (*see Kircher v City of Jamestown,* 74 NY2d 251 [1989]; *Cuffy v City of New York,* 69 NY2d 255 [1987]). The elements necessary to establish a special relationship are (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured, (2) knowledge on the part of the municipality's agents that inaction could lead to harm, (3) some form of direct contact between the municipality's agents and the injured party, and (4) the party's justifiable reliance on the municipality's affirmative undertaking (*see Cuffy v City of New York, supra*).

Under the facts of this case, the plaintiff failed to meet her "heavy burden" (*Pelaez v Seide,* 2 NY3d 186 [2004]) of raising an issue of fact as to whether a special relationship existed between the defendants and the decedent or the plaintiff upon which liability could be predicated (*see Lauer v City of New York,* 95 NY2d 95 [2000]; *Kircher v City of Jamestown, supra; Cuffy v City of New York, supra; D'Ambra v Di Donna,* 305 AD2d 958 [2003]; *Apostolakis v Centereach Fire Dist.,* 300 AD2d 516 [2002]; *cf. Stata v Village of Waterford,* 225 AD2d 163 [1996]). Florio, J.P., Schmidt, Rivera and Lifson, JJ., concur.