■ LOUISE THOMPSON et al., Respondents, v TOWN OF BROOK-HAVEN et al., Appellants. [825 NYS2d 83]—

In an action to recover damages for personal injuries, etc., the defendants, Town of Brookhaven, Bellport Fire Department, and Darien Phillips, separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Suffolk County (Costello, J.), dated March 31, 2005, as denied those branches of their respective motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with one bill of costs, and those branches of the appellants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against them are granted.

"As a general rule, a public entity is immune from negligence claims arising out of the performance of its governmental functions, including police and fire protection, unless the injured person establishes a special relationship with the public entity which would create a special duty of protection with respect to that individual" (*Sandstrom v Rodriguez,* 221 AD2d 513, 514 [1995]; *see Kircher v City of Jamestown,* 74 NY2d 251 [1989]; *Cuffy v City of New York,* 69 NY2d 255 [1987]; *Clarke v City of New York,* 18 AD3d 796 [2005]).

In order to establish the existence of a special relationship, the plaintiff has the "heavy burden" (*Pelaez v Seide,* 2 NY3d 186 [2004]) of proving all of the following elements: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured, (2) knowledge on the part of the municipality's agents that inaction could lead to harm, (3) some form of direct contact between the municipality's agents and the injured party, and (4) that party's justifiable reliance on the municipality's affirmative undertaking (*see Kovit v Estate of Hallums,* 4 NY3d 499 [2005]; *Pelaez v Seide, supra; Cuffy v City of New York, supra; Clarke v City of New York, supra; Escribano v Town of Haverstraw,* 303 AD2d 621 [2003]).

In response to prima facie showings by the municipal defendants, the plaintiffs failed to raise a triable issue of fact as to whether either the fire personnel dispatched to their residence by the appellant Bellport Fire Department (hereinafter

the Fire Department) or the fire marshal, an employee of the appellant Town of Brookhaven, who also responded to the scene, assumed an affirmative duty to close a hatch that gave access to a defective oil burner in a crawl space below, into which the infant plaintiff later fell. In the absence of the requisite special relationship, the municipal defendants may not be held liable for the infant plaintiff's injuries. Accordingly, the Supreme Court erred in denying summary judgment to the Fire Department and the Town (*see Clarke v City of New York, supra; Hayes v Rouse S.I. Shopping Ctr.,* 249 AD2d 273 [1998]; *Ennis v Northeast Mines,* 200 AD2d 553 [1994]; *Isaksson v Rulffes,* 135 AD2d 611 [1987]).

The Supreme Court also erred in denying summary judgment to the appellant Darien Phillips, the plaintiffs' landlord. An out-of-possession landlord who has retained sufficient control over the premises may be liable for injuries caused by a dangerous condition on the property if he or she has "actual or constructive notice of the [dangerous] condition for such a period of time that, in the exercise of reasonable care, he or she could have corrected it" (*Abrams v Berelson,* 283 AD2d 597 [2001]). Contrary to the plaintiffs' contention, however, liability may not be premised here on Phillips's admitted knowledge that the oil burner located in the crawl space was defective and his alleged failure to timely repair or replace the burner.

"Where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal connection is not automatically severed. In such a case, liability depends on whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence" (*Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315 [1980]; *Calderone v Harrel,* 237 AD2d 318 [1997]). Although, generally, the issue of foreseeability is a question of fact for a jury to resolve (*see Derdiarian v Felix Contr. Corp., supra; Calderone v Harrel, supra*), it may be decided as a matter of law where "the established facts permit only one conclusion to be drawn" (*Litts v Best Kingston Gen. Rental,* 7 AD3d 949, 951 [2004]; *see Boltax v Joy Day Camp,* 67 NY2d 617 [1986]). The failure by the emergency personnel on the scene to replace the hatch cover after inspecting the oil burner, the failure of the infant plaintiff's mother, the plaintiff Valerie Thompson, affirmatively to ensure that the hatch had been replaced before permitting her child to enter the room, and the infant plaintiff's actions in stepping backwards into the closet without looking behind her were acts and omissions that were "independent of or far removed from" (*Derdiarian v Felix Contr. Corp., supra* at

315) any negligence on Phillips's part and, as such, constituted superseding events sufficient to break the causal nexus between Phillips's failure to repair the burner and the infant plaintiff's injuries (*id.*).

The plaintiffs' remaining contention was not addressed by the Supreme Court and, thus, remains pending and undecided. Therefore, it may not be reviewed by this Court (*see Beyel v Console,* 25 AD3d 636 [2006]; *Katz v Katz,* 68 AD2d 536 [1979]). Florio, J.P., Schmidt, Krausman and Lifson, JJ., concur.