◼ RAMONA DIXON, Appellant, v VILLAGE OF SPRING VALLEY et al., Respondents, et al., Defendants. [856 NYS2d 243]—

In an action, inter alia, to recover damages for personal injuries and wrongful death, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Rockland County (Sherwood, J.), dated June 13, 2006, as, upon so much of an order of the same court dated April 5, 2006, as granted the motion of the defendants Village of Spring Valley, Spring Valley Police Department, and Peter Russell for summary judgment dismissing the complaint insofar as asserted against them, is in favor of those defendants and against her, dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is affirmed insofar as appealed from, with costs to the respondents.

" 'As a general rule, a public entity is immune from negligence claims arising out of the performance of its governmental functions, including police and fire protections, unless the injured person establishes a special relationship with the public entity which would create a special duty of protection with respect to that individual' " (*Thompson v Town of Brookhaven,* 34 AD3d 448, 449 [2006], quoting *Sandstrom v Rodriguez,* 221 AD2d 513, 514 [1995]; *see Kircher v City of Jamestown,* 74 NY2d 251 [1989]; *Cuffy v City of New York,* 69 NY2d 255 [1987]).

The plaintiff has the heavy burden of establishing the existence of a special relationship by proving all of the following elements: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's

agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) the party's justifiable reliance on the municipality's affirmative undertaking (*see Cuffy v City of New York,* 69 NY2d at 260; *Thompson v Town of Brookhaven,* 34 AD3d at 449; *Clarke v City of New York,* 18 AD3d 796 [2005]).

The respondents established their prima facie entitlement to summary judgment dismissing the complaint as to them. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the decedent's agent Margaret Dixon justifiably relied on the respondents' affirmative undertaking to provide medical assistance to the decedent. It is the plaintiff's burden to show that the respondents' conduct actually lulled the decedent or her agent into a false sense of security, induced them either to relax their own vigilance or forego other avenues of protection, and thereby placed the decedent in a worse position than she would have been in had the respondents never assumed the duty (*see Conde v City of New York,* 24 AD3d 595, 597 [2005]; *Finch v County of Saratoga,* 305 AD2d 771, 773 [2003]). The plaintiff submitted the affidavit of Margaret Dixon, who stated that she could have taken the decedent by car to a nearby hospital, instead of waiting for medical assistance from the respondents. However, on this record, it cannot be said that any reliance on the respondents placed the decedent in a worse position than she would have been in if they never assumed the duty to help. Accordingly, the Supreme Court properly awarded summary judgment to the respondents. Rivera, J.P., Skelos, Santucci and Belen, JJ., concur.