■ Maria Stanciu, Plaintiff, v Pasquale J. Bilello et al., Defendants/Third-Party Plaintiffs-Respondents. City of New York, Third-Party Defendant-Appellant. [29 NYS3d 482]—

In an action to recover damages for personal injuries, the third-party defendant appeals from a judgment of the Supreme Court, Queens County (Strauss, J.), entered August 2, 2013, which, upon a jury verdict finding it 65% at fault and the defendants/third-party plaintiffs 35% at fault in the happening of the accident, and upon an order of the same court dated March 22, 2013, denying its motion pursuant to CPLR 4404 (a) to set aside the jury verdict against it and for judgment as a matter of law, is in favor of the defendants/third-party plaintiffs and against it in the principal sum of $975,000.

Ordered that the judgment is affirmed, with costs.

On December 7, 2007, the New York City Department of Transportation (hereinafter the DOT) issued a notice of violation to the defendants/third-party plaintiffs, Pasquale J. Bilello (hereinafter Bilello) and Diane M. Bilello (hereinafter together the Bilellos), for a sidewalk defect that was adjacent to property owned by the Bilellos. The defect allegedly was caused by tree roots that had raised a sidewalk flag. Bilello testified at trial that after receiving the notice he called "311," and was advised that, before he could repair the sidewalk, the Department of Forestry needed to inspect the sidewalk around the tree and create a design plan. The DOT would then issue a permit to

replace the sidewalk. Bilello testified that the 311 operator told him that he could not repair the sidewalk before the inspection was conducted and the permit was issued, not to "touch anything," and to wait for the Department of Forestry to contact him or to inspect the sidewalk. Over the next 10 months, no one from the City contacted the Bilellos to facilitate the inspection and permit, though Bilello testified that he made repeated telephone calls seeking to schedule the inspection. On October 16, 2008, the plaintiff tripped and fell on the sidewalk defect.

The plaintiff commenced this action to recover damages for her alleged injuries. The Bilellos asserted a third-party cause of action for contribution against the City, alleging that the City had assumed and breached a special duty to them, and that the plaintiff's accident was caused by the City's negligence in failing to timely inspect the sidewalk and issue a permit for repairs. After trial, the Supreme Court granted the plaintiff's application for a directed verdict against the Bilellos on the issue of their breach of a duty to her. The jury found that the Bilellos' breach was a substantial factor in causing the plaintiff's accident, and also that the City had formed a special relationship with the Bilellos, such that the City was liable for negligently failing to timely inspect the sidewalk and issue a permit. The jury assigned 35% fault to the Bilellos and 65% fault to the City. The City moved to set aside the jury verdict against it and for judgment as a matter of law. The Supreme Court denied the motion and entered a judgment in favor of the Bilellos and against the City. The City appeals.

Here, it is undisputed that the City did not owe a direct duty of care to the plaintiff, because the 2003 enactment of Administrative Code of City New York § 7-210 shifted liability for injuries arising from sidewalk defects from the City to the abutting property owner (see Smirnova v City of New York, 64 AD3d 641, 642 [2009]). However, if the City owed an independent, special duty to the Bilellos, it may be held liable "for the portion of the damage attributable to [its] negligence, despite the fact that the duty violated was not one owing directly to the injured person" (Garrett v Holiday Inns, 58 NY2d 253, 261 [1983]; see Sommer v Federal Signal Corp., 79 NY2d 540, 559 [1992]). "Such a duty is found when a special relationship exists between the municipality and an individual or class of persons warranting the imposition of a duty to use reasonable care for those persons' benefit" (Garrett v Holiday Inns, 58 NY2d at 261). To establish the existence of a special relationship based on a municipality's voluntary assumption of a duty,

the party asserting the relationship has a heavy burden to prove the following elements: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the party; and (4) the party's justifiable reliance on the municipality's affirmative undertaking (*see Cuffy v City of New York*, 69 NY2d 255, 260 [1987]; *Dixon v Village of Spring Val.*, 50 AD3d 943, 943 [2008]; *Clarke v City of New York*, 18 AD3d 796 [2005]).

Contrary to the City's contention, the jury's determination that a special relationship existed between the City and the Bilellos was supported by legally sufficient evidence (*see Coleson v City of New York*, 24 NY3d 476, 481-483 [2014]; *Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 423-424 [2013]; *De Long v County of Erie*, 60 NY2d 296, 305 [1983]; *S.C. Freidfertig Bldrs. v Spano Plumbing & Heating*, 173 AD2d 454, 456 [1991]; *cf. Dinardo v City of New York*, 13 NY3d 872, 874 [2009]; *McLean v City of New York*, 12 NY3d 194, 204 [2009]). Accordingly, the Supreme Court properly denied the City's motion pursuant to CPLR 4404 (a) to set aside the jury verdict against it and for judgment as a matter of law.

The City's remaining contention is not preserved for appellate review and, in any event, is without merit. Dillon, J.P., Dickerson, Miller and Duffy, JJ., concur.