Marks-Barcia v Village of Sleepy Hollow Ambulance Corps (2020 NY Slip Op 03007)





Marks-Barcia v Village of Sleepy Hollow Ambulance Corps


2020 NY Slip Op 03007


Decided on May 27, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 27, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
PAUL WOOTEN, JJ.


2017-03681
 (Index No. 69941/14)

[*1]Kathlene Marks-Barcia, etc., appellant,
v
Village of Sleepy Hollow Ambulance Corps, et al., respondents.


Spolzino, Smith, Buss & Jacobs, LLP, White Plains, NY (Robert A. Spolzino of counsel), for appellant.
Morris Duffy Alonso & Faley (Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, Uniondale, NY [Christine Gasser], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for negligence and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated April 3, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In the early morning hours of September 15, 2013, the plaintiff awoke to the sound of her husband, Nicholas A. Barcia, gasping for air. She called the 911 emergency number, and Police Officer Craig Kelly of the defendant Village of Sleepy Hollow Police Department (hereinafter SHPD) answered her call. The plaintiff informed Officer Kelly that her husband was having a medical emergency, to which Officer Kelly responded, "Okay, we'll have it right there." Officer Kelly dispatched two police officers, one of whom was a certified emergency medical technician (hereinafter EMT), to the plaintiff's home. The officers arrived within minutes, connected the plaintiff's husband to an automated external defribulator, and began performing CPR. Officer Kelly also radioed the defendant Village of Sleepy Hollow Ambulance Corps (hereinafter SHAC), and requested that an ambulance respond to the plaintiff's home; however, he received a response that no EMT was available. Officer Kelly then called "60 Control" (or "mutual aid"), which is an outside agency which would provide ambulances, to request an ambulance. During this time, the plaintiff called the 911 emergency number again to check on the ambulance, and was told the ambulance was coming. The plaintiff also called the telephone company operator in an effort to get an ambulance from a nearby hospital, but was transferred to a Tarrytown police officer who advised her that an ambulance would be there shortly. An ambulance arrived at the plaintiff's home 20 minutes after the initial 911 call and approximately 7-8 minutes after the second 911 call. Despite the efforts of the police officers to revive the plaintiff's husband using the automated external defribulator, he died in his home.
The plaintiff commenced this action against SHAC, SHPD, and the Village of Sleepy Hollow. She alleged that the defendants were negligent in failing to provide an ambulance to her home in a timely manner and in failing to notify her that there was limited ambulance coverage [*2]available. The defendants moved for summary judgment dismissing the complaint. In an order dated April 3, 2017, the Supreme Court granted the defendants' motion, and the plaintiff appeals.
" When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose'" (Turturro v City of New York, 28 NY3d 469, 477, quoting Applewhite v Accuhealth, Inc., 21 NY3d 420, 425; see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d 709, 713). "A government entity performs a purely proprietary role when its activities essentially substitute for or supplement traditionally private enterprises'" (Applewhite v Accuhealth, Inc., 21 NY3d at 425, quoting Sebastian v State of New York, 93 NY2d 790, 793; see Granata v City of White Plains, 120 AD3d 1187, 1188). "In contrast, a municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers" (Applewhite v Accuhealth, Inc., 21 NY3d at 425 [internal quotation marks omitted]). If it is determined that a municipality was exercising a governmental function at the time of the alleged negligence, it will not be held liable unless it owed a "special duty" to the injured party (id. at 426; see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d at 714; Turturro v City of New York, 28 NY3d at 478).
Here, we agree with the Supreme Court's determination that the defendants were engaged in a governmental function as a provider of emergency medical services pursuant to a municipal emergency response 911 system, such that the defendants could not be held liable to the plaintiff unless they owed her a special duty (see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d at 714; Applewhite v Accuhealth, Inc., 21 NY3d at 426; Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d 1264). One way to establish the existence of a special duty is by showing that the defendant assumed a "special relationship" with the plaintiff beyond the duty that is owed to the public generally (Applewhite v Accuhealth, Inc., 21 NY3d at 430 [internal quotation marks omitted]; see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d at 714). "The plaintiff has the heavy burden of establishing the existence of a special relationship by proving all of the following elements: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) [that] party's justifiable reliance on the municipality's affirmative undertaking" (Dixon v Village of Spring Val., 50 AD3d 943, 943-944; see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d at 714-715; Applewhite v Accuhealth, Inc., 21 NY3d at 430-431; Cuffy v City of New York, 69 NY2d 255, 260). Of the four factors, the "justifiable reliance" element is "critical" because it "provides the essential causative link between the special duty assumed by the municipality and the alleged injury" (Valdez v City of New York, 18 NY3d 69, 81 [internal quotation marks omitted]; see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d at 715; Coleson v City of New York, 24 NY3d 476, 481; Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d 1264).
Here, the defendants established, prima facie, that they did not owe a special duty to the plaintiff, and the plaintiff failed to raise a triable issue of fact in opposition (see Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d at 1267; Dixon v Village of Spring Val., 50 AD3d at 944). There is nothing in the record to suggest that Officer Kelly or any of the defendants' agents lulled the plaintiff into a false sense of security, or induced her to forego other avenues to transport her husband to the hospital, and therefore placed the plaintiff in a worse position than she would have been had the defendants never assumed the duty (see Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d at 1267; Dixon v Village of Spring Val., 50 AD3d at 944; cf. Applewhite v Accuhealth, Inc., 21 NY3d at 431-432). On the contrary, the evidence established that while the plaintiff was waiting for the ambulance to arrive, she continued to seek help to get an ambulance to her home by calling the telephone company operator and then speaking to the Tarrytown police officer.
Accordingly, we agree with the Supreme Court's determination granting the defendants' motion for summary judgment dismissing the complaint.
DILLON, J.P., ROMAN, LASALLE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court