Trenholm-Owens v City of Yonkers (2021 NY Slip Op 04627)





Trenholm-Owens v City of Yonkers


2021 NY Slip Op 04627


Decided on August 4, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 4, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SYLVIA O. HINDS-RADIX, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-09471
 (Index No. 58824/16)

[*1]Mary Joan Trenholm-Owens, appellant,
v
City of Yonkers, respondent.


Andrew M. Romano, Yonkers, NY, for appellant.
Matthew I. Gallagher, Corporation Counsel, Yonkers, NY (Dusan Lakic of counsel), for respondent.



DECISION & ORDER
In an action to recover to damages for negligence and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated July 6, 2018. The order granted that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint and, in effect, denied the plaintiff's cross motion for summary judgment on the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action to recover damages for unjust enrichment, and substituting therefor a provision denying that branch of the defendant's motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff owns real property in the City of Yonkers (hereinafter the property). A sinkhole opened up in the public road in front of the property. William Finn, an employee of the City, performed a dye test which purportedly revealed that there was a leak in the connection between the sanitary sewer and the pipes leading to the property. According to Finn, this leak caused the sinkhole. Two days later, a memorandum of violation was issued against the plaintiff for her alleged defective sewer connection, requiring her to correct the connection within two weeks. The plaintiff hired KSD General Contracting (hereinafter KSD) to complete the inspection and repair. The plaintiff alleged that no leak was found in the sewer connection, even after the street was excavated. The area of excavation, including the sinkhole, was filled in and repaired by KSD.
The plaintiff served a notice of claim on the City, alleging that she was caused to incur more than $40,000 in damages for hiring KSD to perform the work. The plaintiff later commenced this action against the City to recover damages for negligence and unjust enrichment. After the completion of discovery, the City moved for summary judgment dismissing the complaint, or, in the alternative, pursuant to CPLR 3211(a)(7) to dismiss the complaint. The plaintiff cross-moved for summary judgment on the complaint. The Supreme Court granted that branch of the City's motion which was pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action and, in effect, denied the plaintiff's cross motion for summary judgment on the complaint. The plaintiff appeals.
The Supreme Court properly granted that branch of the City's motion which was pursuant to CPLR 3211(a)(7) to dismiss the negligence cause of action. Accepting all facts as alleged in the complaint to be true (see Leon v Martinez, 84 NY2d 83, 87-88; Watts v City of New York, 186 AD3d 1577, 1578), the City was entitled to governmental immunity. "'When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose'" (Turturro v City of New York, 28 NY3d 469, 477, quoting Applewhite v Accuhealth, Inc., 21 NY3d 420, 425). If the municipality is engaged in a proprietary function, it is subject to suit under the ordinary rules of negligence (see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d 709, 713; Applewhite v Accuhealth, Inc., 21 NY3d at 425). If, however, the "municipality was acting in a governmental capacity, then the plaintiff must prove the existence of a special duty" (Turturro v City of New York, 28 NY3d at 478; see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d at 714).
"'A government entity performs a purely proprietary role when its activities essentially substitute for or supplement traditionally private enterprises. In contrast, a [government entity] will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers'" (Connolly v Long Is. Power Auth., 30 NY3d 719, 727, quoting Turturro v City of New York, 28 NY3d at 477-778). "The relevant inquiry in determining whether a governmental agency is acting within a governmental or proprietary capacity is to examine 'the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred . . . , not whether the agency involved is engaged generally in proprietary activity or is in control of the location in which the injury occurred'" (Grasso v New York State Thruway Auth., 159 AD3d 674, 677, quoting Matter of World Trade Ctr. Bombing Litig., 17 NY3d 428, 447; see Connolly v Long Is. Power Auth., 30 NY3d at 728).
Here, the "specific act" which is alleged to have caused the plaintiff's injury is the City's use of violations, or the threat of violations, to compel the plaintiff to repair the allegedly defective sewer connection, resulting in the excavation. A city's issuance of a violation for a defective sewer connection, which here was punishable by both civil and criminal penalties (see Yonkers City Code §§ 57-9, 57-46), is an exercise of its police powers for the protection and safety of the public (see Connolly v Long Is. Power Auth., 30 NY3d at 727; Turturro v City of New York, 28 NY3d at 477-478). Accordingly, the act at issue here involved a governmental function.
Since the City was engaged in a governmental function, the plaintiff was required to demonstrate that the municipality owed her a "special duty" (Applewhite v Accuhealth, Inc., 21 NY3d at 426; see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d at 714). Contrary to the plaintiff's contention, the complaint failed to allege facts from which it could be inferred that the City assumed a duty to the plaintiff beyond what was owed to the public generally (see Cuffy v City of New York, 69 NY2d 255, 260; Flynn v Town of Southampton, 177 AD3d 855, 858; Sloninski v City of New York, 173 AD3d 801, 803). Therefore, the Supreme Court properly granted that branch of the City's motion which was pursuant to CPLR 3211(a)(7) to dismiss the negligence cause of action. Accordingly, the court also properly, in effect, denied that branch of the plaintiff's cross motion which was for summary judgment on that cause of action (see Rayham v Multiplan, Inc., 153 AD3d 865, 869; Conlon v Allstate Vehicle & Prop. Ins. Co., 152 AD3d 488, 491).
The Supreme Court erred, however, in granting that branch of the defendant's motion which was pursuant to CPLR 3211(a)(7) to dismiss the unjust enrichment cause of action. "An unjust enrichment claim is rooted in the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another" (Georgia Maone & Co., Inc. v Rieder, 19 NY3d 511, 516; see Mannino v Passalacqua, 172 AD3d 1190, 1190). "To adequately plead such a cause of action, a plaintiff must allege that '(1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered'" (Mannino v Passalacqua, 172 AD3d at 1193, quoting Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182).
Affording the complaint a liberal construction (see Watts v City of New York, 186 AD3d at 1578; Katsoris v Bodnar & Milone, LLP, 186 AD3d 1504, 1505), we find that it sufficiently alleged that the City was unjustly enriched, at the plaintiff's expense, by the plaintiff's excavation and repair of the public road where the sinkhole was located, and that it would be against equity and good conscience to permit the City to retain what is sought to be recovered—i.e., the repaired road—without paying for those repairs (see Mannino v Passalacqua, 172 AD3d at 1193). The City had a duty to keep its public road in a reasonably safe condition (see Wittorf v City of New York, 23 NY3d at 480), and it could be unjustly enriched by being spared the expense of repairing the sinkhole in the road (see United Sys. Assoc. v Norstar Bank Upstate NY, 171 AD2d 922, 923-924). Moreover, the complaint alleges that the plaintiff only incurred fees in repairing the road because the City's agent negligently informed her that she had to excavate the road to fix an alleged leak. This alleged benefit conferred on the City through its allegedly tortious conduct sufficiently pleads that it is against equity and good conscience to permit the defendant to retain the benefit (see Paramount Film Distrib. Corp. v State of New York, 30 NY2d 415, 421). Accordingly, the Supreme Court should not have granted that branch of the City's motion which was to dismiss the unjust enrichment cause of action (see Mannino v Passalacqua, 172 AD3d at 1193-1194).
However, the Supreme Court properly, in effect, denied that branch of the plaintiff's cross motion which was for summary judgment on the unjust enrichment cause of action, as the plaintiff failed to demonstrate, prima facie, that her sewer connection did not cause the sinkhole. Thus, she failed to prove, as a matter of law, that it was against equity and good conscience to permit the City to retain the benefit of the repaired road. Accordingly, that branch of the plaintiff's cross motion was properly denied without regard to the sufficiency of the City's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
HINDS-RADIX, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court