J. E. v Incorporated Vil. of Westbury (2021 NY Slip Op 06835)





J. E. v Incorporated Vil. of Westbury


2021 NY Slip Op 06835


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.


2019-11668
 (Index No. 609675/16)

[*1]J. E., etc., et al., appellants,
v Incorporated Village of Westbury, respondent, et al., defendants.


Frank A. Polacco & Associates, PLLC, Garden City, NY, for appellants. 
Zaklukiewicz, Puzo & Morrissey LLP, Islip Terrace, NY (William E. Morrissey, Jr., of counsel), for respondent.



DECISION & ORDER
In a consolidated action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jack L. Libert, J.), entered September 30, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Incorporated Village of Westbury which was for summary judgment dismissing the complaint insofar as against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On January 27, 2016, the infant plaintiff allegedly was injured when he was bitten by two unleashed dogs. The infant plaintiff, by his father and natural guardian, and his father suing derivatively, commenced this consolidated action to recover damages for personal injuries against, among others, the Incorporated Village of Westbury. The plaintiffs alleged, inter alia, that despite notice of prior incidents involving the same dogs, the Village "took no steps to enforce its own laws that prohibit the keeping, maintaining and harboring of vicious or dangerous animals," and that the Village "owed a duty of care to the infant plaintiff to enforce its own laws and to protect the infant plaintiff." The Village moved, among other things, for summary judgment dismissing the complaint insofar as against it. In an order entered September 30, 2019, the Supreme Court, inter alia, granted that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs appeal.
"'When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose'" (Trenholm-Owens v City of Yonkers, 197 AD3d 521, 522, quoting Turturro v City of New York, 28 NY3d 469, 477 [internal quotation marks omitted]). Whereas a municipal entity engaged in a proprietary function "will be subject to liability under ordinary principles of tort law" (Grasso v New York State Thruway Auth., 159 AD3d 674, 677 [internal quotation marks omitted]), a municipal entity acting in a discretionary governmental capacity is immune from liability absent a "special duty" owed to the plaintiff (Turturro v City of New York, 28 NY3d at 478). "'A government entity performs a purely proprietary role when its activities essentially substitute for or supplement traditionally private enterprises'" (Trenholm-Owens v City of Yonkers, 197 AD3d at 523, quoting Connolly v Long Is. Power Auth., 30 NY3d 719, 727 [internal quotation marks omitted]). By contrast, "'a government entity will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers'" (Trenholm-Owens v City of Yonkers, 197 AD3d at [*2]523, quoting Connolly v Long Is. Power Auth., 30 NY3d at 727 [internal quotation marks omitted]). "The relevant inquiry in determining whether a governmental [entity] is acting within a governmental or proprietary capacity is to examine 'the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred . . . , not whether the agency involved is engaged generally in proprietary activity or is in control of the location in which the injury occurred'" (Grasso v New York State Thruway Auth., 159 AD3d at 677, quoting Matter of World Trade Ctr. Bombing Litig., 17 NY3d 428, 447 [internal quotation marks omitted]).
Here, in opposition to the Village's prima facie showing of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether the Village's alleged failure to "enforce its own laws" and to protect the infant plaintiff from the dogs pertained to a proprietary function, or whether the Village owed a special duty to the infant plaintiff (see Marks-Barcia v Village of Sleepy Hollow Ambulance Corps, 183 AD3d 883, 885; Gillette v City of Elmira, 285 AD2d 909, 910-911).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the Village's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
AUSTIN, J.P., MILLER, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court