| **Ellis v City of New York** |
|:---:|
| 2024 NY Slip Op 30929(U) |
| March 20, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157661/2021 |
| Judge: Nicholas W. Moyne |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 52

---------------------------------------------------------------X

ANNA ELLIS AND BENJAMIN ZIMMERMAN, AS THE
ADMINISTRATORS OF THE ESTATE OF E. D. Z., ANNA
ELLIS, INDIVIDUALLY, BENJAMIN ZIMMERMAN,
INDIVIDUALLY,

|  |  |
|---|---|
| **INDEX NO.** | 157661/2021 |

Plaintiff,

|  |  |
|---|---|
| **MOTION DATE** | 05/04/2023 |
| **MOTION SEQ. NO.** | 002 |

- v -

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF HEALTH AND MENTAL HYGIENE,
THE NEW YORK CITY ADMINISTRATION FOR
CHILDREN'S SERVICES,

**DECISION + ORDER ON
MOTION**

Defendant.

---------------------------------------------------------------X

**HON. NICHOLAS W. MOYNE:**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50
were read on this motion to/for _____ DISMISSAL _____.

Upon the foregoing documents, it is

This is an action for wrongful death and conscious pain and suffering resulting from the death of E.D.Z., the plaintiffs' child. The decedent, a 20-month-old boy who passed away in October of 2020, was attending a privately-owned daycare facility, Little Rising Stars Group Family Day Care LLC (hereinafter "Little Rising Stars"). His death occurred when he was crushed by a large stroller after he was left unattended and got out of his playpen during a scheduled naptime.

On or about December 10, 2020, plaintiffs served a Notice of Claim on respondents City of New York and New York City Administration for Children's Services (ACS). The Notice of Claim alleges, in relevant part, that the plaintiffs "relied on the special relationship" between respondents and Little Rising Stars "resulting from the inspections and applications of the rules and regulations" with regard to Little Rising Stars, and that respondents failed to make certain that Little Rising Stars had sufficient staffing following several earlier inspections conducted in late 2019 and early 2020. The Notice of Claim also alleges that the respondents failed to ensure that Little Rising Stars complied with applicable rules and regulations designed to ensure a safe environment for children, including proper

supervision and an environment free from physical hazards. On December 21, 2020, the plaintiffs filed a claim against the State of New York and Office of Children and Family Services in the Court of Claims. The allegations in this claim mirrored those contained in the Notice of Claim served against the City and referenced the same regulations. A separate action was commenced against Little Rising Stars and three of its employees which resulted in a settlement.

The City now moves for an order, pursuant to CPR 3211(a)(7), dismissing the complaint against it for failure to state a cause of action. The motion relies upon the well-established principal of New York law which states that when a public entity is sued for its negligent performance of a governmental function, liability cannot attach unless the plaintiff establishes that the municipal defendant owed a special duty specifically to the injured person, as opposed to a duty owed only to the general public (*see Ferreira v City of Binghamton*, 38 NY3d 298, 309-310 [2022]; *Valdez v City of New York*, 18 NY3d 69, 75 [2011].)

When a negligence claim is asserted against a municipality, the first issue for a court to decide is "whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (*Turturro v City of New York*, 28 NY3d 469, 477 [2016], *quoting Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 425 [2013]; *see Trenholm-Owens v City of Yonkers*, 197 AD3d 521, 522 [2d Dept 2021]). "A government entity performs a purely proprietary role when its activities essentially substitute for or supplement traditionally private enterprises." (*Applewhite*, 21 NY3d at 425 [internal quotation marks omitted]; *see J.E. v Incorporated Vil. of Westbury*, 200 AD3d 759, 760 [2d Dept 2021]; *Marks-Barcia v Village of Sleepy Hollow Ambulance Corps*, 183 AD3d 883, 884 [2d Dept 2020]). "If the municipality is engaged in a proprietary function, it is subject to suit under the ordinary rules of negligence." (*Trenholm-Owens*, 197 AD3d at 523; *see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs.*, 28 NY3d 709, 713 [2017]; *Applewhite*, 21 NY3d at 425). "In contrast, a municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers." (*Applewhite*, 21 NY3d at 425 [internal quotation marks omitted]; *see Connolly v Long Is. Power Auth.*, 30 NY3d 719, 727 [2018]; *Trenholm-Owens*, 197 AD3d at 523).

If the municipality was acting in a governmental capacity, then the plaintiff must prove the existence of a special duty as an element of his or her negligence cause of action (*see Ferreira*, 38 NY3d at 298 [2022]; *Turturro*, 28 NY3d at 478; *Trenholm-Owens*, 197 AD3d at 523). In this case, it is clear that City was acting in

**157661/2021 ANNA ELLIS AND BENJAMIN ZIMMERMAN, AS THE ADMINISTRATORS OF THE** Page 2 of 7
**ESTATE OF E. D. Z. ET AL vs. THE CITY OF NEW YORK ET AL**
**Motion No. 002**

2 of 7

a governmental capacity when it investigated and/or inspected Little Rising Stars for alleged safety issues involving understaffing and/or inadequate supervision of children. Plaintiffs' notice of claim alleges that the City failed to enforce multiple sections pertaining to daycare facilities contained in the Rules and Regulations of the State of New York, 18 NYCRR § 413ff. The complaint specifically references 18 NYCRR §418-1.8, which is entitled "supervision of Children," and cites Social Services Law §390.2. These claims clearly indicate that the City was acting in a governmental capacity and the cited statutes do not create any private rights of action. Therefore, to survive a motion to dismiss, the plaintiff must plead facts sufficient to establish the existence of a special relationship between the City and the plaintiffs. A special relationship can be formed in three ways: (1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation. (*See Garrett v Holiday* Inns, 58 NY2d 253, 261-262 [1983]).

In this case, the plaintiffs contend that the City had a special duty to the plaintiffs because it undertook and agreed to a special duty to "operate, manage, inspect, supervise, monitor, control, and maintain the infants at [Little Rising Stars]." (Complaint at ¶32). To the extent the plaintiffs are alleging a special relationship was created by the voluntary assumption of a duty by the City, they must establish: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking. (*See Cuffy v City of New York*, 69 NY2d 255, 260 [1987]).

The City maintains that the plaintiffs had not pled any facts which would demonstrate that the plaintiffs justifiably relied upon any promise or representation by the City or its agents as to the safety of the daycare center. While the complaint alleges that Little Rising Stars had numerous safety violations which the City was aware of and failed to correct, it does not suggest that the plaintiffs even knew about these violations, let alone that it relied on representations from the City that the violations had been cured or remedied. In fact, the plaintiffs specifically testified at their 50-h hearing that they never spoke to any city employees about anything regarding Little Rising Stars prior to the accident.

The City argues that the failure to plead facts constituting evidence of justifiable reliance is fatal to the plaintiff's claim and requires dismissal of the complaint before discovery has even been concluded. Plaintiffs argue that the motion is premature as discovery has not concluded and the parties have yet to depose Elaine Francis, the individual who inspected Little Rising Stars on behalf of the City before the accident. Plaintiffs suggest that the deposition of Ms. Francis may reveal relevant information including: (1) whether violations were posted so parents could see violations and if so, where were they posted; (2) information regarding where the stroller was stored and whether the City directed the facility in any way to move the stroller from one location to another or to secure the stroller in any way; (3) information regarding the pack and play where E.D.Z. napped and whether the City was aware that it was damaged; (4) information regarding the motivation for allowing the facility to continue to operate, especially in an unsupervised way; and (5) information regarding why the facility had not been inspected since March 2020, when other facilities and other types of inspections had resumed, despite the COVID-19 pandemic.

The problem for the plaintiffs is that none of the referenced outstanding discovery would be relevant to determining whether the plaintiffs justifiably relied on affirmative representations by the City and/or whether that reliance was sufficient to create a special duty between the City and the plaintiffs that the City could be held liable for breaching. The plaintiff claims that discovery thus far has revealed that the City knew about unsafe conditions at Little Rising Stars including inadequate staffing and unsafe rooms. But the issue is not what the City knew. The issue is what the City told the plaintiffs that the plaintiffs could have justifiably relied on. As indicated above, the plaintiffs acknowledge that they never spoke to anyone from the City about safety issues at Little Rising Stars prior to the accident.

Alternatively, the plaintiffs argue that the City took "positive direction and control" by issuing violations against Little Rising Stars and seeking to revoke its license, but then negligently failed to close the facility prior to the accident. As referenced above, a special relationship may be formed when a municipality assumes positive direction and control in the face of a known, blatant, and dangerous safety violation. The leading case concerning this exception is *Smullen v City of New York,* 28 NY2d 66 [1971]. In *Smullen,* the Court of Appeals found a special relationship between the municipality and a worker who was killed when a trench collapsed. Before entering the trench, a city inspector, who was in control of the site and had the power to stop work, assured the worker the trench was "solid." (*Id.* at 69.) The verdict for the plaintiff at trial was sustained, "because of the city's

**157661/2021   ANNA ELLIS AND BENJAMIN ZIMMERMAN, AS THE ADMINISTRATORS OF THE          Page 4 of 7
ESTATE OF E. D. Z. ET AL vs. THE CITY OF NEW YORK ET AL
Motion No.  002**

[* 4]                                                                    4 of 7

actual knowledge of the dangerous condition and its failure to do anything about it at a time when the inspector was directly on hand as the peril heightened" (*id.* at 71, 320 N.Y.S.2d 19, 268 N.E.2d 763). Here, the plaintiffs allege that the City was aware of the understaffing and inadequate staffing issues at Little Rising Stars and had issued several other citations for safety violations. (Complaint ¶ 38). The City was aware of the violations and was in the process of attempting to revoke the license of the operators but had not yet ordered the closing of Little Rising Stars. They analogize this case to *Smullen* by claiming that the City had knowledge of the dangerous conditions at Little Rising Stars, took positive action and control by seeking to revoke its license but acted negligently in failing to close Little Rising Stars or notify parents about the safety problems there.

Plaintiffs also cite *Garrett v Holiday Inns, Inc.,* 58 NY2d at 253. *Garrett* involved a wrongful death and personal injury actions brought by and on behalf of motel guests against the municipality and the motel owners, operators, and developers. The municipality was allegedly negligent in permitting alterations to the original building plans which did not comply with applicable fire laws, in issuing a certificate of occupancy representing that the building was safe and in compliance with fire laws, and thereafter in failing to uncover violations upon inspection, while having knowledge of "blatant fire and safety code violation." (*Id.* at 261). The Court of Appeals held that the municipality could be held proportionately liable since the municipality owed a duty to prevent foreseeable risk of harm, even absent an actionable duty. Specifically, the Court of Appeals held that if "known, blatant, and dangerous violations existed on these premises, but the town affirmatively certified the premises as safe, upon which representation appellants justifiably relied in their dealings with the premises, then a proper basis for imposing liability on the town may well have been demonstrated." (*Id. at* 262).

*Garrett* and *Smullen* are clearly distinguishable from this case. In *Smullen,* the basis for imposing liability rested on the affirmative actions taken by the inspector who affirmatively declared the trench safe and advised the injured plaintiff that it was safe for him to enter the trench. Since the City had the power to halt the work, the presence of the inspector and his failure to prevent the decedent from entering the trench were affirmative actions constituting positive direction and control by the City over a dangerous condition and were sufficient to establish a special relationship and a duty owed by the City to the decedent who relied upon that relationship when he entered the trench. What is being alleged here is not actions but rather inaction on the part of the City. The *Smullen* court specifically declined to consider whether mere inactivity or passivity by a municipal employee in the face of a dangerous condition could subject the

**157661/2021   ANNA ELLIS AND BENJAMIN ZIMMERMAN, AS THE ADMINISTRATORS OF THE**   Page 5 of 7
**ESTATE OF E. D. Z. ET AL vs. THE CITY OF NEW YORK ET AL**
**Motion No.  002**

[* 5]

5 of 7

municipality to liability based on the existence of a special relationship. *(See Smullen,* 28 NY2d at 72). Here, the plaintiffs have acknowledged that there was no direct contact of any kind between themselves and the City concerning the safety of Little Rising Stars. Any liability imposed on the City here would be based on the City's inaction or passivity as opposed to the liability in *Smullen.*[1]

Unfortunately, tragedies such as this case do occur somewhat frequently at facilities such as Little Rising Stars but do not, with perhaps very rare exceptions, subject a municipality to liability for negligent failure to perform its duties to monitor and ensure the safety of daycare centers. Absent a special duty, a city official is immune from liability based on their negligent performance of governmental actions, including supervising the safety of daycare centers (*see McLean v City of New York,* 12 NY3d 194 [2009]). As set forth above, there is no basis for imposing a special relationship in this case. There are no alleged promises or actions by which the City assumed a duty to do something on the plaintiffs' or their child's behalf. The City's duty to the plaintiffs was neither more nor less than its duty to any other parent and child in need of day care. There is no allegation of any direct contact of any kind between the City and the plaintiffs prior to the accident. Even if the court assumes that the complaint sufficiently asserts that the City acted negligently, the court cannot impose liability for negligent supervision absent facts neither pled nor alluded to in the complaint. The governing law requires dismissal.

The motion to dismiss is granted and the complaint is hereby dismissed.

---

[1] *Garrett* is similarly unavailing and if anything, supports dismissal. In *Garrett,* the owners of a motel at which a fire occurred were arguing that the municipality's issuance of a certificate of occupancy created a special duty to them so as to support a claim for contribution. The issuance of the certificate was known to the owner of the hotel and arguably relied upon by him in allowing guests to occupy his hotel in spite of the allegedly dangerous conditions. Here, the plaintiffs were not operating the daycare center and have acknowledged that no City employee directly provided them with any assurances or information about the center on which they could have relied. Again, mere inaction or passivity, as opposed to affirmative assurances, is not sufficient to create a special relationship or duty. Indeed, as noted by the Court of Appeals in *Garrett, t*he Fourth Department had previously dismissed a complaint brought by the widower of a motel guest killed in the fire because the plaintiff had alleged no more than a violation of a duty owed by the town to the public at large." (*Garrett,* 58 N.Y.2d at 257).

_3/20/2024_
DATE

NICHOLAS W. MOYNE J.S.C.

CHECK ONE: [X] CASE DISPOSED     [ ] NON-FINAL DISPOSITION

[X] GRANTED    [ ] DENIED    [ ] GRANTED IN PART    [ ] OTHER

APPLICATION: [ ] SETTLE ORDER     [ ] SUBMIT ORDER

CHECK IF APPROPRIATE: [ ] INCLUDES TRANSFER/REASSIGN     [ ] FIDUCIARY APPOINTMENT     [ ] REFERENCE

**157661/2021 ANNA ELLIS AND BENJAMIN ZIMMERMAN, AS THE ADMINISTRATORS OF THE ESTATE OF E. D. Z. ET AL vs. THE CITY OF NEW YORK ET AL**
**Motion No. 002**

[* 7]