OPINION OF THE COURT
Debra Rose Samuels, J.
The motion is granted to the extent of dismissing the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.
*643 In light of Brill v City of New York (2 NY3d 648 [2004]), decided four weeks after this motion was made, the branch of the motion seeking summary judgment must be denied as untimely. As forthrightly acknowledged by defendants (hereinafter the City) in their moving papers, the motion was made more than 120 days after plaintiff filed its notice of trial, and thus beyond the deadline established by CPLR 3212 (a) for such a motion. There is no such deadline, however, for a motion to dismiss pursuant to CPLR 3211.
Plaintiff alleges that injuries she suffered in an assault by a prisoner whom she was visiting at a New York City Department of Correction facility are attributable to negligence on the part of the City in its operation of that holding facility.
In Sebastian v State of New York (93 NY2d 790 [1999]), the Court of Appeals explained that:
“This Court has recognized that ‘a governmental entity’s conduct may fall along a continuum of responsibility to individuals and society deriving from its governmental and proprietary functions.’
At one end of the continuum he purely governmental functions ‘undertaken for the protection and safety of the public pursuant to the general police powers.’
In this category, the State remains generally immune from negligence claims, absent a special relationship between the injured party and the State.
“On the opposite periphery he proprietary functions in which governmental activities essentially substitute for or supplement ‘traditionally private enterprises.’ Activities catalogued in the proprietary ledger generally subject the State ‘to the same duty of care as private individuals and institutions engaging in the same activit[ies].’ ” (93 NY2d at 793 [citations omitted].)
The maintenance and administration of correctional facilities is clearly a “purely governmental function” (id.). Plaintiff does not argue otherwise.
Accordingly, to state a cause of action for negligence in the administration of the correctional facility at issue, plaintiff is required to allege the existence of a “special relationship between the injured party and the [City]” (id.). Such a “special relationship” would give rise to a “special duty” on the part of the City. (Vitale v City of New York, 60 NY2d 861 [1983].)
Plaintiffs complaint, as amplified in her bill of particulars, does not allege the existence of any such special duty, nor does *644 it allege any facts from which such a special duty might be inferred. The evidence marshaled by plaintiffs counsel in his affirmation opposing the motion might, viewed in the light most favorable to plaintiff, support a showing of negligence if the defendant in this case were a private entity. But none of that evidence demonstrates the assumption by the City (through its agents) of a special duty to this plaintiff of the type necessary to support tort liability in this case. Accordingly, even if plaintiff had sought to remedy the defect in her pleading by amending her complaint to allege a special duty, such a motion would have been denied in light of plaintiffs failure to demonstrate the viability of that theory on the facts of the case.