■ CYNTHIA RENNIX, as Administrator of EUTISHA RENNIX, Deceased, et al., Appellants, v MELISSA JACKSON et al., Defendants, and NEW YORK CITY FIRE DEPARTMENT et al., Respondents. [59 NYS3d 57]—

In an action, inter alia, to recover damages for wrongful death, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), entered April 9, 2014, as granted that branch of the motion of the defendants New York City Fire Department, New York City Emergency Medical Services, and the City of New York which was for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

On December 9, 2009, while working at an Au Bon Pain restaurant in Brooklyn, Eutisha Rennix became ill and had difficulty breathing. She was six months pregnant and suffered from asthma. A coworker escorted Rennix to a back room, and Rennix stated that she wanted to go to the hospital. The coworker returned to the sandwich bar in the customer area, where she had seen two Emergency Medical Technicians (hereinafter EMTs), Jason Green and the defendant Melissa Jackson. The coworker approached the EMTs and asked for assistance. Neither responded, but Jackson called 911 from her cell phone and requested an ambulance. Both EMTs were on duty, in uniform, and assigned to the nearby Emergency Medical Dispatch Center (hereinafter the Dispatch Center). Jackson, however, was not authorized to be on break or away from the Dispatch Center at the time. The EMTs left the restaurant before an ambulance arrived, without ever going to the back room to check on Rennix. An ambulance arrived 13 minutes after Jackson placed the 911 call. During that time, Rennix had lost consciousness and stopped breathing. Paramedics were unable to resuscitate her, and she was later pronounced dead at the hospital. Rennix's baby was delivered through an emergency cesarean section, but died shortly thereafter.

The plaintiffs, as administrators of the estates of Rennix and her baby, commenced this action against, among others, the New York City Fire Department, New York City Emergency Medical Services, and the City of New York (hereinafter collectively the City defendants), alleging, insofar as is relevant here, that the deaths of Rennix and her baby were caused by the negligence of Jackson and Green in, among other things, failing or refusing to render emergency medical aid to Rennix in violation of their official duties. The City defendants moved for summary judgment dismissing the complaint insofar as as-

serted against them, inter alia, on the ground that they could not be liable in negligence to the plaintiffs unless they owed a special duty to Rennix, and no such duty was owed here. While the motion was pending, the plaintiffs served an amended complaint, which, inter alia, alleged that Jackson and Green were grossly negligent. In the order appealed from, the Supreme Court, inter alia, awarded summary judgment to the City defendants, dismissing the amended complaint insofar as asserted against them. The plaintiffs appeal.

A municipal emergency response system is a governmental function, and thus where an emergency medical technician is alleged to have been negligent while acting in this governmental capacity, the municipality cannot be held liable unless it owed a "special duty" to the injured party (*see Applewhite v Accuhealth, Inc.*, 21 NY3d 420, 424 [2013]). There are three recognized situations in which a special duty may arise: "(1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (*Pelaez v Seide*, 2 NY3d 186, 199-200 [2004]; *see Applewhite v Accuhealth, Inc.*, 21 NY3d at 426; *McLean v City of New York*, 12 NY3d 194, 199 [2009]).

The plaintiffs contend that the first category applies to the circumstances here, and a special duty arose from Jackson's violation of Penal Law § 195.00 (2), which criminalizes official misconduct. As relevant here, a public servant is guilty of official misconduct when, with intent to obtain a benefit, she or he knowingly refrains from performing a duty which is imposed upon her or him by law or is clearly inherent in the nature of her or his office (*see* Penal Law § 195.00 [2]). The plaintiffs allege that Jackson violated the statute inasmuch as, pursuant to the regulations of her department or inherent in the nature of her office, she had a duty to render assistance to Rennix, but knowingly refrained from so doing so as not to be caught on an unauthorized break outside of the Dispatch Center.

Even assuming the plaintiffs could establish that Jackson was guilty of misconduct, the violation of Penal Law § 195.00 (2) does not give rise to a special duty so as to impose tort liability. For a special duty to arise from the breach of a statutory duty, the governing statute must authorize a private right of action (*see McLean v City of New York*, 12 NY3d at 200; *Pelaez v Seide*, 2 NY3d at 200). A private right of action "may be fairly implied when (1) the plaintiff is one of the class for

whose particular benefit the statute was enacted; (2) recognition of a private right of action would promote the legislative purpose of the governing statute; and (3) to do so would be consistent with the legislative scheme" (*Pelaez v Seide*, 2 NY3d at 200; *see McLean v City of New* York, 12 NY3d at 200; *Uhr v East Greenbush Cent. School Dist.*, 94 NY2d 32, 38 [1999]; *Sheehy v Big Flats Community Day*, 73 NY2d 629, 633 [1989]).

Here, the plaintiffs' claim fails at the first step of the analysis, as Rennix was not of a class for whose particular benefit the statute was enacted. Penal Law § 195.00 "replaced more than 30 prior crimes, all of which dealt with specific malfeasance or nonfeasance in the accomplishment of official duties" (*People v Feerick*, 93 NY2d 433, 445 [1999]; *see People v Flanagan*, 28 NY3d 644, 656 [2017]). Penal Law § 195.00 "applies to all public servants" (*People v Feerick*, 93 NY2d at 446). It criminalizes public corruption, which impacts every citizen. Consequently, it cannot be said that Rennix was a person for whose special benefit the statute was enacted (*see Metz v State of New York*, 20 NY3d 175, 180 [2012]; *Lauer v City of New York*, 95 NY2d 95, 102 [2000]; *O'Connor v City of New York*, 58 NY2d 184, 190 [1983]; *cf. Pelaez v Seide*, 2 NY3d at 201; *Uhr v East Greenbush Cent. School Dist.*, 94 NY2d at 38; *Mark G. v Sabol*, 93 NY2d 710, 720 [1999]; *Sheehy v Big Flats Community Day*, 73 NY2d at 634; *Tourge v City of Albany*, 285 AD2d 785, 787 [2001]).

To the extent the plaintiffs contend that governmental immunity cannot attach to grossly negligent conduct, their arguments are misplaced. The City defendants did not move for summary judgment pursuant to a governmental function immunity defense, which would apply where a plaintiff has established all of the elements of a negligence cause of action, including a duty running to the plaintiff (*see Valdez v City of New York*, 18 NY3d 69, 75 [2011]). Rather, the City defendants contend that they owe the plaintiff no duty of care. Their motion is predicated on the public duty rule, which "relates to the fundamental obligation of a plaintiff pursuing a negligence cause of action to prove that the putative defendant owed a duty of care" (*id.* at 75). "Without a duty running directly to the injured person there can be no liability in damages, however careless the conduct or foreseeable the harm" (*Lauer v City of New York*, 95 NY2d at 100; *see Pulka v Edelman*, 40 NY2d 781, 782 [1976]; *Morris v Brown*, 111 NY 318, 326 [1888]). Thus, whether Jackson was negligent or grossly negligent, in the absence of a special duty there can be no liability on the part of the City defendants.

Accordingly, the Supreme Court properly granted that branch of the City defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted them. Dillon, J.P., Chambers, Hinds-Radix and Brathwaite Nelson, JJ., concur.