Christopher M. v Mineo (2021 NY Slip Op 04878)





Christopher M. v Mineo


2021 NY Slip Op 04878


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


633 CA 20-00005

[*1]CHRISTOPHER M., INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF HEATHER M., DECEASED, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF T.M., DECEASED, AND AS PARENT AND NATURAL GUARDIAN OF M.M., AN INFANT, PLAINTIFF-APPELLANT,
v
CHRISTOPHER J. MINEO, DEFENDANT, NICHOLAS MOROSCO, INDIVIDUALLY, AND AS ASSISTANT FIRE CHIEF OF YORKVILLE FIRE DEPARTMENT, THE YORKVILLE FIRE AND HOSE COMPANY, INC., AND VILLAGE OF YORKVILLE, DEFENDANTS-RESPONDENTS. 






DAVID A. LONGERETTA, UTICA, FOR PLAINTIFF-APPELLANT. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (PAUL V. MULLIN OF COUNSEL), FOR DEFENDANTS-RESPONDENTS NICHOLAS MOROSCO, INDIVIDUALLY, AND AS ASSISTANT FIRE CHIEF OF YORKVILLE FIRE DEPARTMENT, AND THE YORKVILLE FIRE AND HOSE COMPANY, INC.
TADDEO & SHAHAN, LLP, SYRACUSE (STEVEN C. SHAHAN OF COUNSEL), FOR DEFENDANT-RESPONDENT VILLAGE OF YORKVILLE. 


 Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered November 27, 2019. The order granted the motions of defendants Nicholas Morosco, individually and as Assistant Fire Chief of the Yorkville Fire Department, the Yorkville Fire and Hose Company, Inc. and the Village of Yorkville to dismiss plaintiff's amended complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: We affirm for reasons stated in the decision at Supreme Court. We write only to note that, inasmuch as plaintiff correctly concedes in his appellate brief that the amended complaint fails to allege the existence of a special duty, the court properly granted those parts of the motions of defendants Nicholas Morosco, individually, and as Assistant Fire Chief of the Yorkville Fire Department, the Yorkville Fire and Hose Company, Inc., and the Village of Yorkville, seeking to dismiss the sixth cause of action, which is against Morosco for gross negligence. "In a negligence-based claim against a municipality [and its agents], a plaintiff must allege that a special duty existed between the municipality and the [injured person]" (Kirchner v County of Niagara, 107 AD3d 1620, 1623 [4th Dept 2013]; see Valdez v City of New York, 18 NY3d 69, 75 [2011]; Laratro v City of New York, 8 NY3d 79, 82-83 [2006]). "Without a [special] duty running directly to the injured person[,] there can be no liability in damages, however careless the conduct or foreseeable the harm" (Lauer v City of New York, 95 NY2d 95, 100 [2000]). Thus, contrary to plaintiff's contention, even if we accept as true the allegation that Morosco was grossly negligent and we accord plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), "in the absence of a special duty there can be no liability" (Rennix v Jackson, 152 AD3d 551, 554 [2d Dept 2017]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court