Kulon v Liberty Fire Dist. (2023 NY Slip Op 00351)

Kulon v Liberty Fire Dist.

2023 NY Slip Op 00351

Decided on January 26, 2023 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 26, 2023 

531932
[*1]Franciszek C. Kulon, Appellant,
v
Liberty Fire District et al., Respondents.

Calendar Date:December 15, 2022

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Franciszek C. Kulon, Parksville, appellant pro se.
Kornfeld, Rew, Newman & Simeone, Suffern (William S. Badura of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Julian D. Schreibman, J.), entered July 1, 2020 in Sullivan County, which granted defendants' motion for summary judgment dismissing the complaint.
In the early morning hours of February 18, 2014, plaintiff's home in the Town of Neversink, Sullivan County caught fire. Plaintiff called 911 at approximately 2:39 a.m. The first assistant chief of defendant Neversink Fire Department (hereinafter NFD) was dressed, in his car and en route to the fire at 2:44 a.m. He arrived at plaintiff's home at approximately 3:00 a.m. After receiving word from the 911 dispatcher that plaintiff had called again and was now reporting that the entire house was on fire, the first assistant chief called for a "second alarm" to be sounded, prompting, among others, defendant Liberty Fire District (hereinafter LFD) and defendant Loch Sheldrake Fire Department (hereinafter LSFD) to respond to the fire. Defendant Grahamsville Volunteer Fire Department (hereinafter GVFD) was already on its way to the fire by virtue of a mutual aid agreement with NFD. As a result, multiple firetrucks arrived at the scene between approximately 3:00 and 3:15 a.m. As there were no fire hydrants anywhere near plaintiff's home to supply the firefighters with water, defendants brought multiple trucks equipped with water pumping and/or carrying capability. Additionally, a water relay system was established where water was extracted from a pond located approximately one mile from plaintiff's home and was shuttled by tankers to the fire. Eventually, the fire caused the roof and second floor to collapse onto the first floor. NFD's first assistant chief determined that the home could not be saved, the basement was full of water and he was concerned that the groundwater would become contaminated.[FN1] As such, the first assistant chief requested plaintiff's permission to bring in an excavator to push the remains into the basement. When plaintiff refused, the first assistant chief, in consultation with NFD's second assistant chief and the Sullivan County Battalion Coordinator, determined that the safest course would be to let the fire burn itself out. Firefighters worked throughout the morning, with the last truck leaving the scene at 10:06 a.m.
Plaintiff commenced this action to recover for his damages, alleging that defendants were grossly negligent both in their failure to timely respond and to arrive adequately equipped to properly fight the fire. Following joinder of issue and discovery, defendants moved, as relevant here, for summary judgment dismissing the complaint pursuant to CPLR 3212. Supreme Court granted defendants' motion. Plaintiff appeals.
Plaintiff contends that as defendants failed to carry their prima facie burden, Supreme Court erred in granting summary judgment. We disagree. It is well established that no action for negligence [FN2]
will lie against a municipality for damages incurred in its performance of a governmental function absent the existence [*2]of a special duty (see Maldovan v County of Erie, ___ NY3d ___, ___, 2022 NY Slip Op 06632, *2-3 [2022]; Ferreira v City of Binghamton, 38 NY3d 298, 308 [2022]).[FN3] A special duty is one that is "more than that owed the public generally" (Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d 709, 714 [2017] [internal quotation marks and citations omitted]; see Ferreira v City of Binghamton, 38 NY3d at 310; Lauer v City of New York, 95 NY2d 95, 100 [2000]). This doctrine was developed "to rationally limit the class of citizens to whom the municipality owes a duty of protection" (Ferreira v City of Binghamton, 38 NY3d at 310 [internal quotation marks and citation omitted]). Thus, the existence of a special duty is an element that is essential to plaintiff's negligence cause of action (see id. at 308).
A special duty can be established in one of the following ways: "(1) when the municipality violates a statutory duty enacted for the benefit of a particular class of persons; (2) when it voluntarily assumes a duty that generates justifiable reliance by the person who benefits from the duty; or (3) when the municipality assumes positive direction and control in the face of a known, blatant and dangerous safety violation" (Metz v State of New York, 20 NY3d 175, 180 [2012] [internal quotation marks and citations omitted]). In this case, plaintiff asserts the second method and alleges the existence of a special relationship between himself and defendants. The long-settled elements of a special relationship are: "(1) an assumption by the governmental entity, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the entity's agents that inaction could lead to harm; (3) some form of direct contact between the entity's agents and the injured party; and (4) that party's justifiable reliance on the entity's affirmative undertaking" (Feeney v County of Delaware, 150 AD3d 1355, 1357 [3d Dept 2017] [internal quotation marks, brackets and citation omitted]; see Laratro v City of New York, 8 NY3d 79, 83 [2006]; Trimble v City of Albany, 144 AD3d 1484, 1486 [3d Dept 2016]. "Notably, all four elements must be present for a special duty to attach" (Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d at 715 [citation omitted]).
Here, defendants LFD, LSFD and GVFD have established that they had no contact with plaintiff prior to or after arriving on scene (see Szydlowski v Town of Bethlehem, 162 AD3d 1188, 1190 [3d Dept 2018]). In response, plaintiff offers no dispute. Thus, there was no special relationship with those defendants.
With regard to the remaining defendant, NFD, it is undisputed that plaintiff had direct contact when he spoke to NFD's first assistant chief at the scene. However, a simple conversation with the first assistant chief, without more, does not give rise to a special duty. It is undisputed that the conversation consisted of plaintiff informing the assistant [*3]chief that the home was uninsured and that the fire must be put out quickly. The first assistant chief's pat response — that they were going to try to put the fire out — did not amount to a specific promise or an assumption of an affirmative duty specific to plaintiff, but was simply an assurance that it would perform its duty owed to the public in general (see McLean v City of New York, 12 NY3d 194, 201-202 [2009]; Helman v County of Warren, 111 AD2d 560, 562 [3d Dept 1985], affd 67 NY2d 799 [1986]). Additionally, there is no evidence in the record that plaintiff justifiably relied on this statement to his detriment. At the time the statement was made, the fire was through the roof and had fully engulfed the back and right sides of plaintiff's home. Plaintiff did not undertake any action in reliance on the statement, nor was he placed in a worse position than he would have been if NFD's first assistant chief had not made the statement (see Szydlowski v Town of Bethlehem, 162 AD3d at 1190-1191; Grieshaber v City of Albany, 279 AD2d 232, 236-237 [3d Dept 2001], lv denied 96 NY2d 719 [2001]; compare Trimble v City of Albany, 144 AD3d at 1486-1487).
As there is no evidence that a special relationship existed between plaintiff and defendants, "the analysis ends and liability may not be imputed to the municipality that acted in a governmental capacity" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 426 [2013]; see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d at 715-716). Accordingly, Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint.
Aarons, J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The area contains a reservoir utilized as a New York City watershed.

Footnote 2:As a breach of duty is an essential element of any action sounding in negligence, it is immaterial that this matter alleges gross, as opposed to ordinary negligence. Thus, in the absence of a special duty, there can be no liability (see Christopher M. v Mineo, 197 AD3d 1007, 1008 [4th Dept 2021]; Rennix v Jackson, 152 AD3d 551, 554 [2d Dept 2017]).

Footnote 3: Defendants assert that plaintiff has failed to specifically plead the existence of a "special duty." To the extent that plaintiff has alleged same, we address it.