Talisaysay v State of New York (2023 NY Slip Op 04965)

Talisaysay v State of New York

2023 NY Slip Op 04965

Decided on October 4, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 4, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.

2021-05154

[*1]Philip Talisaysay, etc., appellant, 
v
State of New York, respondent. (Claim No. 133288)

Cascone & Kluepfel, LLP, Farmingdale, NY (Leonard M. Cascone and Howard B. Altman of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Steven C. Wu and Stephen J. Yanni of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Richard E. Sise, J.), dated May 18, 2021. The order granted the defendant's motion for summary judgment dismissing the claim and denied the claimant's cross-motion for summary judgment on the claim.
ORDERED that the order is affirmed, with costs.
The claimant, as the temporary guardian of an incapacitated person, commenced this claim to recover damages for personal injuries he alleges were sustained by the incapacitated person when she was physically assaulted by a participant in a mental health program licensed by New York State and operated by a nonprofit organization in a building owned by the State. The claimant alleged that the defendant was negligent in failing to warn the incapacitated person of the assailant's dangerousness. The defendant moved for summary judgment dismissing the claim. The claimant opposed the motion and cross-moved for summary judgment on the claim. In an order dated May 10, 2021, the Court of Claims granted the defendant's motion and denied the claimant's cross-motion. The claimant appeals.
In determining whether the claimant may assert a negligence claim against the State, "the first issue for a court to decide is whether the [defendant] was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 425; see Turturro v City of New York, 28 NY3d 469, 477; J.E. v Incorporated Vil. of Westbury, 200 AD3d 759, 760). A public entity engaged in a proprietary function "will be subject to liability under ordinary principles of tort law" (Grasso v New York State Thruway Auth., 159 AD3d 674, 677 [internal quotation marks omitted]), whereas a public entity acting in a discretionary governmental capacity will not be held liable unless it owed a special duty to the plaintiff (see Ferreira v City of Binghamton, 38 NY3d 298, 308; Turturro v City of New York, 28 NY3d at 478). "The relevant inquiry in determining whether a governmental [entity] is acting within a governmental or proprietary capacity is to examine 'the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred . . . , not whether the agency involved is engaged generally in proprietary activity or is in control of the [*2]location in which the injury occurred'" (Grasso v New York State Thruway Auth., 159 AD3d at 677, quoting Matter of World Trade Ctr. Bombing Litig., 17 NY3d 428, 447 [internal quotation marks omitted]; see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d 709).
Here, the defendant established its prima facie entitlement to judgment as a matter of law dismissing the claim by tendering evidence demonstrating that the actions or inactions complained of involved the performance of the defendant's governmental function (see T.T. v State of New York, 151 AD3d 1345; Doe v City of New York, 67 AD3d 854) and that no special duty existed to the incapacitated person (see McLean v City of New York, 12 NY3d 194, 201). In opposition, the claimant failed to raise a triable issue of fact as to whether the defendant was acting in a proprietary capacity or owed a special duty to the incapacitated person (see J.E. v Incorporated Vil. of Westbury, 200 AD3d 759; Bisignano v City of New York, 136 AD2d 671). Accordingly, the Court of Claims properly granted the defendant's motion for summary judgment dismissing the claim and denied the claimant's cross-motion for summary judgment on the claim (see T.T. v State of New York, 151 AD3d at 1345-1346).
DUFFY, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court