Neary v Suffolk County Sheriff's Dept. (2025 NY Slip Op 00105)

Neary v Suffolk County Sheriff's Dept.

2025 NY Slip Op 00105

Decided on January 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-08281
 (Index No. 608712/20)

[*1]Michael Neary, respondent, 
v
Suffolk County Sheriff's Department, appellant.

Christopher J. Clayton, County Attorney, Hauppauge, NY (Jacob S. Kutnicki of counsel), for appellant.
Hach Rose Schirripa & Cheverie LLP, New York, NY (Hillary M. Nappi of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Leonard D. Steinman, J.), dated July 12, 2023. The order denied the defendant's motion for summary judgment dismissing the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the amended complaint is granted.
The plaintiff allegedly was sexually abused by his neighbor, Robert Weis, starting when the plaintiff was approximately 11 years old and continuing until adulthood. Weis was a corrections officer, who allegedly was employed by the defendant, and some of the abuse allegedly took place at the jail where Weis worked, either in its parking lot or in a locked bathroom inside of the facility. The parking lot was fenced in, and visitors were required to check in with a deputy guarding the entrance to the parking lot.
In July 2020, the plaintiff commenced this action pursuant to the Child Victims Act (see CPLR 214-g) to recover damages for personal injuries. In March 2021, the plaintiff filed an amended complaint, alleging negligence against the defendant for its failure to exercise reasonable care to prevent Weis from harming the plaintiff. Thereafter, the defendant moved for summary judgment dismissing the amended complaint. By order dated July 12, 2023, the Supreme Court denied the motion. The defendant appeals.
"When a negligence claim is asserted against a municipality, the first issue for a court to decide is whether the municipal entity was engaged in a proprietary function or acted in a governmental capacity at the time the claim arose" (Applewhite v Accuhealth, Inc., 21 NY3d 420, 425; see Turturro v City of New York, 28 NY3d 469, 477; Marino v City of New York, 223 AD3d 888, 889). "If the municipality is engaged in a proprietary function, it is subject to suit under the ordinary rules of negligence" (Trenholm-Owens v City of Yonkers, 197 AD3d 521, 523; see Applewhite v Accuhealth, Inc., 21 NY3d at 425; Marino v City of New York, 223 AD3d at 889). "In contrast, a municipality will be deemed to have been engaged in a governmental function when its acts are undertaken for the protection and safety of the public pursuant to the general police powers" [*2](Applewhite v Accuhealth, Inc., 21 NY3d at 425 [internal quotation marks omitted]; see Marino v City of New York, 223 AD3d at 889). "The relevant inquiry in determining whether a governmental [entity] is acting within a governmental or proprietary capacity is to examine 'the specific act or omission out of which the injury is claimed to have arisen and the capacity in which that act or failure to act occurred . . . , not whether the agency involved is engaged generally in proprietary activity or is in control of the location in which the injury occurred'" (Grasso v New York State Thruway Auth., 159 AD3d 674, 677, quoting Matter of World Trade Ctr. Bombing Litig., 17 NY3d 428, 447 [internal quotation marks omitted]; see Tara N.P. v Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d 709, 713; Talisaysay v State of New York, 220 AD3d 652, 653).
Here, the specific acts or omissions that allegedly caused the plaintiff's injuries were the defendant's decisions regarding the level of security and surveillance to provide in a fenced-in jail parking lot, with admission controlled by a posted guard, or within the facility itself. Those decisions go beyond the scope of the defendant's duty as a landlord and constitute actions undertaken in the defendant's police protection capacity (see Sebastian v State of New York, 93 NY2d 790, 794; Miller v State of New York, 62 NY2d 506, 514; Santana v City of New York, 6 Misc 3d 642, 643 [Civ Ct, New York County]). Accordingly, the specific acts or omissions at issue here involved a governmental function.
Contrary to the Supreme Court's determination, because the defendant was engaged in a governmental function, the plaintiff was required to demonstrate that the municipality owed him a "special duty" (Applewhite v Accuhealth, Inc., 21 NY3d at 426; see Ferreira v City of Binghamton, 38 NY3d 298, 309; Trenholm-Owens v City of Yonkers, 197 AD3d at 523-524). A special duty can arise, as relevant here, where "the plaintiff belonged to a class for whose benefit a statute was enacted" or "the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally" (Applewhite v Accuhealth, Inc., 21 NY3d at 426). Here, the defendant demonstrated, prima facie, that it did not owe a special duty to the plaintiff, and the plaintiff failed to raise a triable issue of fact in opposition (see McLean v City of New York, 12 NY3d 194, 200-202; Marino v City of New York, 223 AD3d at 890; Halberstam v Port Auth. of N.Y. & N.J., 175 AD3d 1264, 1267).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the amended complaint.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court