Mancino v Town of Glenville (2025 NY Slip Op 00357)

Mancino v Town of Glenville

2025 NY Slip Op 00357

Decided on January 23, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 23, 2025

CV-23-2339 CV-24-0299
[*1]Berardino Mancino, Respondent,
v
Town of Glenville et al., Appellants.

Calendar Date:November 20, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Murphy Burns LLP, Loudonville (Stephen M. Groudine of counsel), for appellants.
Chiera Law Group, Tarrytown (Randall J. Chiera of counsel), for respondent.

Ceresia, J.
Appeals (1) from an order of the Supreme Court (Michael Cuevas, J.), entered November 27, 2023 in Schenectady County, which partially denied defendants' motion to dismiss the complaint, and (2) from an order of said court, entered January 25, 2024 in Schenectady County, which, upon reargument, adhered to its prior decision.
Plaintiff, a police officer and member of the military, and his estranged wife were involved in an incident at plaintiff's residence that resulted in plaintiff calling the Glenville Police Department. The police investigated and prepared an incident report naming plaintiff as the victim and the wife as the suspect. The police later created a second report referring to plaintiff as an additional suspect. According to plaintiff, the wife used the second report to obtain an order of protection against him, resulting in the confiscation of his personal firearms, the restriction of his use of firearms in connection with his employment and damage to his reputation.
Plaintiff thereafter commenced the instant action, alleging that the methods utilized by the police in investigating the incident violated accepted policing standards, rules, regulations and protocols. Defendants filed a pre-answer motion to dismiss the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]). Supreme Court granted the motion in full as to defendant Glenville Police Department, finding that it was not a separate entity subject to suit.[FN1] As for defendant Town of Glenville, the court granted the motion in part and denied it in part. Specifically, the court dismissed plaintiff's claim for negligent investigation, but went on to find that the purported failure to follow acceptable police practices could give rise to a separate cause of action. The Town moved for reargument, contending that the complaint should have been dismissed in its entirety. The court granted reargument and adhered to its prior determination. Defendants appeal from both orders.
It is well settled that New York does not recognize a cause of action for negligent investigation (see Wright v State of New York, 192 AD3d 1277, 1280 [3d Dept 2021]; Ball v Miller, 164 AD3d 728, 729 [2d Dept 2018], lv denied 32 NY3d 911 [2018]; Ellsworth v City of Gloversville, 269 AD2d 654, 657 [3d Dept 2000]). Therefore, Supreme Court properly found that such a claim must be dismissed. However, the court erred in finding that any colorable claim remained.
Even assuming arguendo that a cause of action could be maintained for the alleged negligent failure to follow police protocols in drafting an incident report, we note that "no action for negligence will lie against a municipality for damages incurred in its performance of a governmental function absent the existence of a special duty[, which]
. . . is an element that is essential to plaintiff's negligence cause of action" (Kulon v Liberty Fire Dist., 212 AD3d 1033, 1034-1035 [3d Dept 2023] [footnote omitted], lv denied 39 NY3d 916 [2023]; see [*2]Howell v City of New York, 39 NY3d 1006, 1008-1009 [2022]; Maldovan v County of Erie, 39 NY3d 166, 171 [2022]). "[A] special duty may arise in three situations: where '(1) the plaintiff belonged to a class for whose benefit a statute was enacted; (2) the government entity voluntarily assumed a duty to the plaintiff beyond what was owed to the public generally; or (3) the municipality took positive control of a known and dangerous safety condition' " (Maldovan v County of Erie, 39 NY3d at 171, quoting Tara N.P. v. Western Suffolk Bd. of Coop. Educ. Servs., 28 NY3d 709, 714 [2017]). Here, the complaint contains no allegations of a special duty owed by defendants to plaintiff pursuant to any of the above-described circumstances, thereby mandating dismissal of the complaint in its entirety (see LG 70 Doe v Town of Amherst, 227 AD3d 1552, 1553 [4th Dept 2024]; Boland v City of New York, 209 AD3d 960, 961 [2d Dept 2022]). Although Supreme Court largely premised its denial of defendants' motion on plaintiff's claimed need for further discovery of the police protocols that were allegedly violated, "additional discovery is not warranted inasmuch as it could not remedy plaintiff's failure to plead a special duty" (Spring v County of Monroe, 151 AD3d 1694, 1696 [4th Dept 2017]).
Supreme Court failed to acknowledge this fundamental pleading deficiency and instead improperly shifted its analysis to the question of whether a governmental immunity defense could apply. However, "[b]efore addressing the defense of governmental immunity, [it must be determined] whether the complaint alleges all of the elements of a negligence cause of action" (Normanskill Cr., LLC v Town of Bethlehem, 160 AD3d 1249, 1250 [3d Dept 2018]), and in this case it clearly does not.
Clark, J.P., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the orders are modified, on the law, without costs, by reversing so much thereof as partially denied defendants' motion to dismiss the complaint; motion granted in its entirety and complaint dismissed; and, as so modified, affirmed.

Footnotes

Footnote 1: Plaintiff has not challenged the dismissal of the action as against the Glenville Police Department.